UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKKIS PORSCHE SONIER,<br><br>  Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>  Defendants. | Case No. 24-cv-04567-VC<br><br>**ORDER OF SERVICE** |

Markkis Porsche Sonier, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation (CDCR) and several specific staff members at San Quentin Rehabilitation Center. Sonier has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The court now addresses the claims asserted in Sonier's complaint.

### DISCUSSION

**I.     Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.     Sonier's Allegations

Sonier's complaint names, along with CDCR, "H Yard Correctional Officer Castillo," and "Lieutenant C. Bass," and also lists "C/O Martinez" and "other defendants on the 602 investigation report" at San Quentin on the second page. He alleges as follows: Bass falsified a Rule Violation Report (RVR) and directed Castillo and others not to let him attend religious services while he was receiving the Enhanced Outpatient Program level of mental health care during September and October of 2023. This happened five times and constituted discrimination against Sonier on the basis of his mental illness, as well as retaliation against Sonier for writing a "602" on Bass for holding a hearing on a Rules Violation Report without a staff assistant present. Bass gave these orders to defendant Castillo, who gave the orders to the other officers working Dorm 1 on H Unit.

Sonier seeks punitive and compensatory damages.

## III.    Analysis

CDCR, as an agency of the state, is generally immune from suit under the Eleventh Amendment. *See, e.g., Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024). A prisoner with a disability may, however, sue a state for money damages under Title II of the Americans with Disabilities Act of 1990 (ADA). *United States v. Georgia*, 546 U.S. 151, 153 (2006). Title II of the ADA provides that "no qualified individual with a disability

2

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The elements of a Title II ADA claim are (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) Liberally construed, Sonier states an ADA claim against CDCR for precluding him from attending religious services or programs while he was in the Enhanced Outpatient Program. His use of the section 1983 claim form does not preclude his clearly stated ADA claim. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).

Sonier's claim that Bass filed a false Rules Violation Report against him is dismissed because a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under section 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

The First Amendment, however, prohibits retaliation against a prisoner for protected activity. A viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, Sonier has stated a First Amendment retaliation claim against Bass for issuing a Rules Violation Report in response to his 602.

The First Amendment also protects against substantial interference with a prisoner's practice of religion that is not reasonably related to legitimate penological interests. *Long v. Sugai*, 91 F.4th 1331, 1337 (9th Cir. 2024). Liberally construed, Sonier has stated a First Amendment claim that Bass and Castillo prevented him from attending church services for two months.

Sonier has not stated any claims against any other defendants because he has not described how any other defendants were involved in violating his rights.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1. The court orders that the following defendants be served electronically: CDCR, Lieutenant Bass, and Officer Castillo.

Service on the listed defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk will provide to the USMS the completed USM-285 forms

4

and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

      2.      The following briefing schedule shall govern dispositive motions in this action:

      a.  If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date of service.. If the defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendants believe this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Sonier.

At the time the dispositive motion is served, the defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

      b.  Sonier's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendants no later than twenty-eight days after the date on which the defendants' motion is filed.

Before filing his opposition, Sonier is advised to read the notice that will be provided to him by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Sonier is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may

include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Sonier will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.    The defendants shall file a reply brief no later than fourteen days after the date Sonier's opposition is filed.

        d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

3.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

4.    All communications by Sonier with the court must be served on the defendants, or the defendants' counsel once counsel has been designated, by mailing a true copy of the document to the defendants or counsel.

5.    It is Sonier's responsibility to prosecute this case. Sonier must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: February 10, 2025

                                                      VINCE CHHABRIA
                                                      United States District Judge