UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKKIS PORSCHE SONIER,<br><br>            Plaintiff,<br><br>      v.<br><br>CDCR, et al.,<br><br>            Defendants. | Case No. 24-cv-04567-NW<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION, DENYING PLAINTIFF'S MOTION FOR STAY AND APPOINTMENT OF COUNSEL**<br><br>Re: ECF Nos. 42, 43 |

The Court is in receipt of Defendants' motion for an extension of time to file a dispositive motion. *See* ECF No. 42. Per the motion and attached declaration of counsel, the parties are continuing to engage in discovery in this matter. *Id*. at 3–4. Plaintiff also filed a request for a one-year stay and the appointment of counsel due to his mental health. *See* ECF No. 43. The Court addresses each claim below.

### A.      Request for Counsel

Plaintiff requests the appointment of counsel due to his ongoing mental health issues, which he alleges have made it difficult for him to litigate his case. *See* ECF No. 43 at 4.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in 42 U.S.C. § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1). The decision whether to appoint one rests within "the sound discretion of the trial court" and is generally granted in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  To determine whether appointment of counsel is warranted, the Court considers whether the claims are likely to be meritorious and the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted).

The Court has considered Plaintiff's request but does not find exceptional circumstances in this case that supports the appointment of counsel.  Many prisoners who express similar concerns regarding physical and mental health conditions must litigate their cases without the assistance of counsel.  To the extent that Plaintiff needs additional time to prepare filings, the Court will accommodate his reasonable requests for more time.  Further, at this stage in the proceedings, the Court cannot determine whether Plaintiff's claims are likely to succeed.  Although the Court has found that Plaintiff's complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits.  Based on a review of the record and numerous filings in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Plaintiff's request for the appointment of counsel is **DENIED**.  *See* ECF No. 43 at 4.

**B.      Request for Stay**

Plaintiff also requests that the Court stay this matter for one year while he receives higher-level care at his correctional institution.  *See* ECF No. 43 at 1.  Defendants filed an opposition, arguing that a year-long stay would prejudice their ability to litigate this matter.  *See* ECF No. 44.

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).  "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).

Plaintiff has not demonstrated that a one-year stay is appropriate.  Plaintiff states only that the case is "bringing up" his mental health conditions, including post-traumatic stress disorder,

United States District Court
Northern District of California

2

depression, and borderline personality, and that he is participating in a "500-hour program." ECF No. 43 at 1. The rest of his complaints appear to concern his correctional institution's handling of legal mail and critiques of Defendants' responses to his requests for admissions, neither of which warrants a stay.

Plaintiff bears the responsibility of prosecuting his case. *See* Fed. R. Civ. P. 41(b). This matter was filed on July 9, 2024, and has been pending for nearly two years. *See* ECF No. 1. As noted above, if Plaintiff needs additional extensions of time to conduct further discovery or respond to filings in this matter, he may request them. But given the lengthy proceedings that have already taken place in this matter, Plaintiff's vague and general justification in his motion, and the potential prejudice to Defendants, Plaintiff has not shown that a stay is warranted, let alone for a full year.

Accordingly, Plaintiff's request for a one-year stay is **DENIED**. *See* ECF No. 43. To the extent Plaintiff has issues with Defendants' responses to his discovery requests, Plaintiff must work with Defendants' counsel to resolve them. If the parties are unable to resolve those disputes following attempts to meet and confer, Plaintiff may file a discovery motion.

### C.     Request for Extension of Time

Defendants filed a motion requesting an extension of time to file their dispositive motion. *See* ECF No. 42.

Upon due consideration of Defendants' motion, the supporting declaration of counsel, and Plaintiff's assertion that he needs additional time to conduct discovery and recover from his mental health issues, good cause appearing, the Court **GRANTS** an additional 90-day extension to allow the parties to continue the discovery process. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4). Defendant's dispositive motion must be filed and served no later than June 9, 2026. Any opposition to the dispositive motion must be filed and served upon the moving party no later than 28 days from the date the motion is filed. A reply in support of the motion, if any, must be filed and served no later than 14 days after the date the opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due. Defendant is

admonished that the Court is unlikely to grant any further extension of time absent an emergency.

**IT IS SO ORDERED.**

Dated: March 9, 2026

Noël Wise
United States District Judge